

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

05 MAR 24 PM 1:58

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                             )<br>            Plaintiff,       )<br>                             )<br>   vs.                       )<br>                             )<br> THOMAS E. MILLER,           )<br>                             )<br>            Defendant.       ) | 4:05CR3039<br><br>**INDICTMENT**<br>(26 U.S.C. §§ 7206(1))<br><br>JUDGE KOPF<br><br>MAGISTRATE JUDGE PIESTER |

The Grand Jury charges:

### COUNT I

On or about the 12th day of April, 1999, in the District of Nebraska, THOMAS E. MILLER, the defendant herein, a resident of North Platte, Nebraska, did willfully make and subscribe a United States Individual Income Tax Return, Form 1040, for the 1998 tax year, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Individual Income Tax Return he did not believe to be true and correct as to every material matter in that said Individual Income Tax Return for the 1998 tax year claimed on Line 16b a taxable amount of pensions and annuities of $672,500; claimed on Line 17 a loss of $800,032; and claimed on Schedule E, Line 31 a loss of $836,784 and on Line 40 a total loss of $800,023, when in truth and fact, as THOMAS E. MILLER then and there well knew and believed, the taxable amount of pensions and annuities should have been $990,345, and there should have been no losses on Line 17 of the Form 1040 or on the Schedule E attached to the Individual Income Tax Return for the 1998 tax year.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT II

On or about the 23rd day of August, 1999, in the District of Nebraska, THOMAS E. MILLER, the defendant herein, a resident of North Platte, Nebraska, did willfully make and subscribe an Application for Tentative Refund, Form 1045, for the 1998 tax year, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Application for Tentative Refund he did not believe to be true and correct as to every material matter in that said Application claimed on Line 11(d) a Net operating loss deduction after carryback in the amount of $137,900, and claimed on Line 11(f) a Net operating loss deduction after carryback in the amount of $86, 943, when in truth and fact, as THOMAS E. MILLER then and there well knew and believed, he was not entitled to any Net operating loss after carryback and was not entitled to a decrease in tax as stated on the Application for Tentative Refund.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT III

On or about the 12th day of April, 1999, in the District of Nebraska, THOMAS E. MILLER, the defendant herein, a resident of North Platte, Nebraska, did willfully make and subscribe a United States Partnership Return of Income, Form 1065, for the 1998 tax year, for Double Star Venture, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said United States Partnership Return of Income he did not believe to be true and correct as to every material matter in that said Partnership Return of Income for the 1998 tax year claimed on Line 22 an Ordinary loss from trade or business activities

of $880,825 when in truth and fact, as THOMAS E. MILLER then and there well knew and believed, any losses for Double Star Venture were substantially less than $880, 825, as reflected on the partnership return.

In violation of Title 26, United States Code, Section 7206(1).

### COUNT IV

On or about the 15th day of April, 2000, in the District of Nebraska, THOMAS E. MILLER, the defendant herein, a resident of North Platte, Nebraska, did willfully make and subscribe a United States Individual Income Tax Return, Form 1040, for the 1999 tax year, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Individual Income Tax Return he did not believe to be true and correct as to every material matter in that said Individual Income Tax Return for the 1999 tax year claimed on Line 16b no taxable amount of pensions and annuities; claimed on Line 21, for other income, a "net operating loss" of $22,730; and claimed on Schedule E, Line 31 a loss of $7,267, when in truth and fact, as THOMAS E. MILLER then and there well knew and believed, the taxable amount of pensions and annuities on Line 16b should have been $369,981, and there should have been no losses on Line 22 of the Form 1040 or on Line 31 of Schedule E attached to the Individual Income Tax Return for the 1999 tax year.

In violation of Title 26, United States Code, Section 7206(1).

### COUNT V

On or about the 15th day of April, 2000, in the District of Nebraska, THOMAS E. MILLER, the defendant herein, a resident of North Platte, Nebraska, did willfully make and subscribe a United States Partnership Return of Income, Form 1065, for the 1999 tax year, for Double Star Venture,

3

which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said United States Partnership Return of Income he did not believe to be true and correct as to every material matter in that said Partnership Return of Income for the 1999 tax year claimed on Line 22 an Ordinary loss from trade or business activities of $7,650 when in truth and fact, as THOMAS E. MILLER then and there well knew and believed, any losses for Double Star Venture were substantially less than $7,650, as reflected on the partnership return.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT VI

On or about the 28th day of April, 2001, in the District of Nebraska, THOMAS E. MILLER, the defendant herein, a resident of North Platte, Nebraska, did willfully make and subscribe a United States Individual Income Tax Return, Form 1040, for the 2000 tax year, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Individual Income Tax Return he did not believe to be true and correct as to every material matter in that said Individual Income Tax Return for the 2000 tax year claimed on Schedule E, Line 31 a loss of $7,267, when in truth and fact, as THOMAS E. MILLER then and there well knew and believed, there should have been no loss reported on Line 31 of Schedule E, attached to the Individual Income Tax Return for the 2000 tax year.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT VII

On or about the 16th day of April, 2001, in the District of Nebraska, THOMAS E. MILLER, the defendant herein, a resident of North Platte, Nebraska, did willfully make and subscribe a United

States Partnership Return of Income, Form 1065, for the 2000 tax year, for Double Star Venture, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said United States Partnership Return of Income he did not believe to be true and correct as to every material matter in that said Partnership Return of Income for the 2000 tax year claimed on Line 22 an Ordinary loss from trade or business activities of $7,650 when in truth and fact, as THOMAS E. MILLER then and there well knew and believed, any losses for Double Star Venture were substantially less than $7,650, as reflected on the partnership return.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT VIII

On or about the 12th day of April, 2002, in the District of Nebraska, THOMAS E. MILLER, the defendant herein, a resident of North Platte, Nebraska, did willfully make and subscribe a United States Individual Income Tax Return, Form 1040, for the 2001 tax year, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Individual Income Tax Return he did not believe to be true and correct as to every material matter in that said Individual Income Tax Return for the 2001 tax year claimed on Schedule E, Line 31 a loss of $7,267, when in truth and fact, as THOMAS E. MILLER then and there well knew and believed, there should have been no loss reported on Line 31 of Schedule E, attached to the Individual Income Tax Return for the 2001 tax year.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT IX

On or about the 12th day of April, 2002 [2001 struck through], in the District of Nebraska, THOMAS E. MILLER,

5

4:05CR3039

the defendant herein, a resident of North Platte, Nebraska, did willfully make and subscribe a United States Partnership Return of Income, Form 1065, for the 2001 tax year, for Double Star Venture, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said United States Partnership Return of Income he did not believe to be true and correct as to every material matter in that said Partnership Return of Income for the 2001 tax year claimed on Line 22 an Ordinary loss from trade or business activities of $7,650 when in truth and fact, as THOMAS E. MILLER then and there well knew and believed, any losses for Double Star Venture were substantially less than $7,650, as reflected on the partnership return.

In violation of Title 26, United States Code, Section 7206(1).

A TRUE BILL

FOREPERSON

_____
MICHAEL G. HEAVICAN
United States Attorney

The United States of America requests that trial of this case be held in Lincoln, Nebraska, pursuant to the rules of this Court.

_____
STEVEN A. RUSSELL
Assistant U.S. Attorney

6